NATIONAL ANNUITY ASSOCIATION *v.* CARTER.

Opinion delivered November 21, 1910.

1. LIFE INSURANCE—FRAUD AS DEFENSE.—Where a policy of life insurance or mutual benefit certificate provides that "the benefits herein shall be incontestable from this date," the insurer is precluded from setting up that the insured made answers to questions propounded to him in the application for insurance that were knowingly false and made to defraud the insurer. (Page 498.)

2. SAME—EFFECT OF MISREPRESENTATIONS.—Representations made by the insured as a basis upon which the contract is entered into will not invalidate the contract because they are untrue unless they are material to the risks, and it is sufficient if they be substantially true. (Page 499.)

3.  SAME—EFFECT OF ONE COMPANY ASSUMING ANOTHER'S LIABILITIES.— Where one fraternal association assumed the obligations of another association, the extent of the liability of the former to the latter association's policy holder will depend upon the terms of the latter's policy or benefit certificate.  (Page 499.)

Appeal from Lawrence Circuit Court, Eastern District; *Charles Coffin,* Judge; affirmed.

*Smith & Blackford,* for appellant.

1.  The answers of deceased to questions propounded to him with reference to his habits as to drinking intoxicants being false, and knowingly and wilfully so, as appears by the proof, he thereby perpetrated a fraud, and the certificate issued to him and the assumption of risk by the insurer, were void *ab initio,* and this fraud was material to the risk.   58 Ark. 529, 532, 535, 540, 544 and cases there cited; 72 Ark. 621, 623; 66 L. R. A. 322, 334.   See also 37 Ark. 580; 52 Ark. 517; 53 Ark. 381; 100 Mass. 472.

2.  If appellant is liable at all for any amount, there should be deducted from the liability apparent upon the face of the certificate the difference between the amount of premium paid and the full amount of premiums that would have accrued and been paid for ten years had the insured lived, as provided by section 84, constitution and by-laws of appellant.   81 Ark. 512.

*W. A. Cunningham,* for appellant; *J. N. Beakley,* of counsel.

1.  In the benefit sued upon appears this statement, "The benefits herein shall be incontestable from this date." The constitution and by-laws of the Loyal Fraternal Home provides, section 20, "Certificate incontestable—Benefit certificates shall be incontestable from the time they are put in force, *except for non-payment of dues and assessments."*   115 N. C. 393; 104 Ga. 256; 62 Minn. 39; 101 Tenn. 22; 42 L. R. A. 247; 29 Cyc. 198.

2.  This court will give to the evidence supporting the contention of the appellee its strongest probative force; and if found to be legally sufficient to support the verdict, the verdict will be sustained.   89 Ark. 589; 76 Ark. 522.

3.  This court will not reverse because of the giving of an abstract instruction unless the jury were misled or the appellant was prejudiced thereby.   The jury are the judges of the weight and preponderance of the evidence.   22 Ark. 207;

*Id.* 216; 37 Ark. 238; 49 Ark. 381; 85 Ark. 577; 37 Ark. 185; 50 Ark. 484; 51 Ark. 467.

McCULLOCH, C. J.   This is an action instituted by the beneficiaries to recover on a benefit certificate issued by the Loyal Fraternal Home, a corporation engaged in the life insurance business on the fraternal plan, to Antonio Frankring, one of its members, now deceased.   The certificate is in the following form:

"This certifies that Antone Frankring is a member of the Loyal Fraternal Home Lodge No. 92, at Walnut Ridge, State of Arkansas, and within ninety days after receipt of satisfactory proofs of his death there shall be paid to _____ one thousand dollars.   The conditions, benefits and provisions printed or written by the society on the back hereof are a part of this certificate.   The benefits herein shall be incontestable from this date.   In witness whereof the Loyal Fraternal Home has caused its corporate seal to be hereunto affixed and these presents to be signed by its supreme president and its supreme secretary at Cameron, Mo., this the 25th day of September, 1907."

On December 27, 1907, defendant National Annuity Association, another corporation engaged in the same business, took over and assumed the obligations of the other association to its members by a writing in the following form:

"The National Annuity Association, a fraternal beneficiary association at Kansas City, Mo., hereby assumes the benefit certificate issued by the Loyal Fraternal Home, of Cameron, Mo., as above described, to which this certificate of assumption is attached, and by these presents makes it a certificate of the National Annuity. Association, subject to the constitution and laws of the said National Annuity Association now in force or that may be hereafter adopted.   Provided, however, the National Annuity Association agrees to pay the full benefit provided for in this certificate at death, less amounts previously paid for disability benefits and unpaid assessments, whether such benefit is provided for under its laws or not."

Frankring died January 7, 1909, and the action is against the National Annuity Association.   No question is raised as to the authority of the defendant under its charter powers to

take over the business or to assume the obligations of the other association. Defendant pleaded, among other defenses, that the assured, in order to procure the insurance, had knowingly made false answers to certain questions propounded in the application, for the purpose of deceiving and defrauding the insurer, which said false answers were relied on by the insurer. Said questions and answers are set forth as follows: "Do you use alcohol or malt liquors at all?" "Do you drink daily?" "Did you ever drink to intoxication or excess?" To all of which questions assured answered "No." Also the following questions: "What illness, disease or accident have you had since childhood?" Answered: "Attack of pneumonia in 1893 of one week's duration, mild attack, and had completely recovered." "Have you had any sickness, ailment or injury that has not been named or described above?" Answered: "No." "Who was the last physician who attended or prescribed for you?" Answered: "Johnson Patrick, Jonesboro, Ark., 1893, for pneumonia."

There was evidence adduced by the defendant tending to show that Frankring drank intoxicating liquors to great excess for several years prior to his application for insurance, and was frequently intoxicated. But, on the other hand, the testimony adduced by plaintiff tended to show that Frankring drank only occasionally, and not to such excess as to materially affect his health or strength. There was also testimony to show that Frankring went to a hospital in St. Louis during the year 1907, prior to his application; but it does not show that his ailment was of such a serious nature as to materially affect his health or longevity.

It will be noted in the outset that it is not pleaded that the truth of the said answers was warranted by the assured, or that there was any breach of warranty. The defense relied on is that the said answers to questions were "knowingly false and made for the purpose of deceiving and defrauding this defendant." Even if such defense had been pleaded, it would have been of no avail, for the language of the contract would defeat such a defense, as it declares that "the benefits herein shall be incontestable from this date." Any stipulation in the application making the liability of the insurer depend on a

warranty of the truth of answers to questions would be incon-
sistent with the terms of the benefit certificate, which is the
last expression between the parties of the terms of the con-
tract.   The distinction between warranties and representations
is a marked one.   "Representations," said Judge BATTLE in
delivering the opinion in *Providence Life Assurance Society* v.
*Reutlinger,* 58 Ark. 528, "are no part of the contract of in-
surance, but are collateral or preliminary to it.   When made
to the insurer at or before the contract is entered into, they form
a basis upon which the contract is entered into, they form a
basis upon which the risks proposed to be assumed can be
estimated.   They operate as the inducement to the contract.
Unlike a false warranty, they will not invalidate the contract
because they are untrue, unless they are material to the risks,
and need only be substantially true.   They render the policy
void on the ground of fraud, while a noncompliance with a
warranty operates as an express breach of the contract."   See
also 2 Cooley's Briefs on the Law of Insurance, p. 1162.

The instructions of the court were in conformity with this
well marked distinction, and correctly submitted the question
whether or not the alleged false representations were material
to the risk.

Error of the court is assigned in refusing to submit to the
jury the question of reduction of the amount of liability under
a section of the by-laws of the defendant association reading as
follows:  "Section 84.   In the event of the maturity by death
or disability of a certificate in this association, before the mem-
ber has contributed ten years' assessments, the unpaid assess-
ments will be charged against the certificate and deducted from
the final payments.   This section shall not apply to an increasing
life certificate until after it has been in force three years."

It is not shown that the constitution or by-laws of the Loyal
Fraternal Home, the original insurer, contained any such pro-
vision, and it was the contract made by that association which
the defendant assumed.   Defendant, by its contract assuming
the contract of the Loyal Fraternal Home, expressly agreed "to
pay the full benefit provided for in this certificate at death, less
amounts previously paid for disability benefits, and unpaid as-
sessments, whether such benefit is provided for under its laws

or not." The certificate provided for the payment of one thousand dollars, and nothing could be deducted under the contract with defendant except "amounts previously paid for disability benefits, and unpaid assessments," and none are shown to be deducted.

Judgment affirmed.