STATE, EX REL. NATIONAL EMPLOYEES ASSOCIATION, APPELLANT, V. SILAS R. BARTON, APPELLEE.

FILED DECEMBER 18, 1912. No. 17,806.

1. Insurance: STATUTORY PROVISIONS. The act of 1873 (Gen. St. 1873, ch. 33, p. 428), entitled "An act regulating insurance companies," applies to all kinds of insurance in this state, except life insurance, which is expressly omitted from the operation of that act.

2. ———: LICENSE. All companies whose object is to transact insurance business in this state must obtain license as the statute provides.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*Harrison H. Bowes,* for appellant.

*Grant G. Martin, Attorney General,* and *George W. Ayres, contra.*

SEDGWICK, J.

The relator alleges that it is incorporated under the general incorporation laws of the state, with a capital stock of $10,000, $5,100 of which is subscribed. The petition alleges: "The object of this association is to sell contracts to employees to compensate them when out of employment, by paying to them a percentage of the wages earned in their last place of employment, where such lack of employment arises from unavoidable causes, to be defined in the by-laws of this incorporation, upon a payment of this corporation of a certain stipulated sum per month to be provided in the by-laws; but no money shall be paid where the loss of employment is from lockouts, strikes, or incompetency; not more than 60 per cent. of the monthly salary or wages shall be paid under any contract, nor for a longer period than six months." It appears to be conceded that the object of this company is to transact a species of insurance. The company applied to the auditor for license to do business in the state, and was refused. Application was then made to the district court for Lancaster county for a mandamus to compel the auditor to issue the license. The writ was refused, and the relator has appealed.

Chapter 25 of the Revised Statutes of 1866 was entitled "Incorporations." It contained 144 sections. The first 14 sections related to insurance companies. Other classes of corporations were provided for, and then followed provisions applicable to corporations in general. Section 123 was as follows: "Any number of persons may be associated and incorporated for the transaction of any lawful

business, including the construction of canals, railways, bridges, and other works of internal improvement." This section has been retained unchanged, and is now section 123, ch. 16, Comp. St. 1911. Insurance companies were from the first required to file statements with the auditor and procure a license before doing business in the state. In 1873 the legislature passed an act entitled "An act regulating insurance companies." The first section provided: "That hereafter, when any number of persons associate themselves together for the purpose of forming an insurance company, for any other purpose than life insurance, under the provisions of chapter 25 of the revision of 1866, and all acts amendatory and supplementary thereto, they shall publish a notice of such intention, * * * and they shall also make a certificate under their hand, specifying * * * the amount of its capital stock," with other requirements. The third section provided: "No joint-stock company shall be incorporated under the provisions of this act, with a smaller capital than $100,000, * * * of which capital at least 50 per cent. shall be fully paid up in cash." The first act was general and applied to all companies organized to do an insurance business in this state, and it seems clear that this act was intended to apply to all insurance companies other than life insurance. Section 8, as amended (Comp. St. 1911, ch. 43), contains nine subdivisions defining what it shall be lawful for companies organized under the act to do, followed by the general clause, "and generally to do and perform all other matters and things proper to promote these objects." Several sections of the general incorporation law are cited as showing that it is still contemplated that corporations organized for purposes not mentioned in the eighth section of the general insurance law may be incorporated under the general law. Section 20 provides that the proper officers of "each company organized under this act, or incorporated under any law of this state," shall make a statement to the auditor, etc.

Insurance companies had already been incorporated

and were doing business in this state before the act of 1873, and it was not intended to compel them to be re-incorporated, but section 20 requires such companies to make statements to the auditor. There is therefore no implication that, after the act of 1873 went into opera-tion, companies might be incorporated under some other law. The language of the act of 1873 is so plain and com-prehensive as to admit of no doubt of its meaning. No insurance can be done in this state without a compliance with the statutes on that subject. If the ninth section of the act should be considered to prohibit such insurance as is contemplated by relator, and if such provision would be unconstitutional, no such questions are presented by this record.

The judgment of the district court is

AFFIRMED.