TENNESSEE LIFE INSURANCE COMPANY v. NOLEN.

Opinion delivered June 16, 1913.

LIFE INSURANCE—MISREPRESENTATIONS—WAIVER.—The first part of an application for a policy of life insurance which provided that the policy, together with the answers and explanations given to various questions asked in that part of the application, shall form the exclusive basis of agreement between the insured and the company; *held*, to operate as a waiver of the falsity of answers contained in other parts, and cut off the defense of fraudulent misrepresentations contained in those other parts, as to occupation, health, etc.

Appeal from Little River Circuit Court; *J. T. Cowling*, Judge; affirmed.

*A. D. DuLaney*, for appellants; *W. F. Davis*, Nashville, Tenn., of counsel.

The court's construction of the contract is erroneous, in that the effect of it is that appellants can not raise the question of fraud, however gross it may be, committed by the insured in part 2, of his application, making the policy with reference to this issue incontestible, although the company reserved in the policy one year from the date of its issuance to contest it, except for nonpayment of premium.

An incontestable clause from date of issuance of a contract is void, as against public policy, so far as such incontestable clause would include fraud in procuring the contract. 2 L. R. A. (N. S.) 821; 108 Ia. 224, 50 L. R. A. 774; 96 Ark. 495; 27 L. R. A. (N. S.) 1026; 127 S. W. 749; 103 Ky. 21; 6 Enc. of Ev. 16; 42 L. R. A. 247; 103 Ga. 256; 4 Am. & Eng. Ann. Cas. 364; 123 Ky. 21.

Appellants should have been permitted to introduce proof with reference to the alleged false and fraudulent representations made in part 2 of the application, and the question of the truth or falsity of said representations should have been submitted to the jury, *supra;* 58 Ark. 528; 105 Ark. 101; 66 L. R. A. 322; 25 Cyc. 933, note 18.

See also on the question of fraud entering into a written contract. 43 Ark. 448; 92 S. W. (Ky.) 17, 5 L. R. A. (N. S.) 747; 143 Fed. 850; 35 Ins. Law Journal 202; 87 Kan. 641; 41 L. R. A. (N. S.) 1137.

*James S. Steel, J. S. Lake* and *James D. Head,* for appellee.

1. The policy will be given that construction most favorable to the insured, where the policy is susceptible to two different constructions. 42 L. R. A. 261; 152 S. W. (Ark.) 995.

2. The appellant insurance company is bound by part 1 of the application. 24 N. E. (Ill.) 538; 16 S. E. (W. Va.) 580.

3. The contract is not against public policy. 2 L. R. A. (N. S.) 821, note, p. 822; 42 L. R. A. 264; 51 N. Y. Supp. 393; 124 *Id.* 775; 42 L. R. A. 253; 61 S. W. (Tenn.) 62; 96 Ark. 495; 150 S. W. 393.

McCULLOCH, C. J. This is an action on two life insurance policies issued by appellant company on the life of one John Nolen, payable to the latter's wife, appellee, Josephine Nolen.

Each of the policies contain a clause reciting that it "is issued in consideration of the application therefor, which application is hereby made a part of this contract, and attached or copied hereon, * * * and the payment of the premium for one year's term of insurance and the payment of a like sum * * * on or before the 8th day of May in every year thereafter during nineteen years of the life of the insured.

On the reverse of each policy there appears the following, among other, printed clauses:

"*Incontestability:* This policy shall be incontestable after one year from the date of its issue, except for nonpayment of premium."

"*Statements:* All statements made by the insured shall, in the absence of fraud, be deemed representations, and not warranties, and no such statements shall avoid

this policy unless they are contained in the written application for insurance, a copy of which is hereto attached.''

Attached to the policy is the application, in three parts, the first, the application proper, containing the name, age and occupation of the applicant; his place of birth and place of residence; a summary of all other insurance on his life; the name of his wife, the beneficiary, and a request for the kind of insurance desired. That part concludes with the following clause: ''I agree that this policy, together with the answers and explanations given to the above various questions, shall form the exclusive and only basis of agreement between me and the Tennessee Life Insurance Company.''

Part 2, which was signed by the applicant, contains questions and answers concerning occupation, environments, family history and hereditary influences, health record, clinical history, and habits as to the use of intoxicating beverages, tobacco and narcotics.

Part 3 constitutes the report of the medical examiner.

The answer pleads as a defense, a breach of the warranties as to the truth of answers in part 2, and also pleads fraudulent misrepresentations concerning the health and habits of the deceased.

In the progress of the trial the court ruled that, by the terms of the policy, the agreement in part 1 constituted a waiver of the warranties and representations contained in part 2. Appellant saved its exceptions to that ruling, and the case was tried solely upon the issue whether deceased was in good health when the policies were delivered. The verdict of the jury settled that issue in favor of the appellee, and no question is raised here as to the sufficiency of the evidence to sustain the verdict, nor as to the instructions of the court upon that issue.

Learned counsel on both sides devote their argument to the question whether a clause in a policy, making it incontestable from date of issue, is valid, so as to cut off the defense of fraudulent misrepresentations which operated as an inducement to the issuance of the policy.

We do not, however, find that clause in these policies. On the contrary, there is a clause, printed on the back of each policy, to the effect that it "shall be incontestable after one year from the date of its issue." The assured died, and this action was commenced within the year. Therefore, that clause does not come into play.

There is the question in the case, and we consider it vital, whether the agreement, contained in part 1 of the application, to the effect "that this policy together with the answers and explanations given to the above various questions, shall form the exclusive and only basis of agreement," between the assured and the company, operated as a waiver of the falsity of answers contained in other parts, and cut off the defense of fraudulent misrepresentations contained in those parts.

That question the learned circuit judge decided in favor of appellee, and we consider that the only ruling presented now for review.

There is a sharp division in the authorities whether or not a clause in a policy stipulating for immediate incontestability, is void as being against public policy so far as it cuts off the defense of fraudulent misrepresentation in procuring the policy. The cases on that subject are cited in the briefs of counsel.

It is contended that that question has been decided by this court in the case of *National Annuity Association* v. *Carter*, 96 Ark. 495. But an examination of the opinion of the court in that case shows that the language referred to was used with reference to warranties, and not fraudulent misrepresentations. The question is, therefore, an open one so far as this court is concerned, but, as before stated, we do not regard that question as raised here. The question upon which the trial judge decided the cause was entirely different, and we are of the opinion that his ruling was correct.

Conceding that it is against sound public policy to permit the company to stipulate for immediate incontestability, even against fraud, yet the parties, when they come to close the contract, may stipulate for a waiver of

matters which have been inquired into in the application. We see no reason why the company should not be permitted to contract that it will waive all inquiry into the truth of answers which it has had an opportunity to fully investigate. That is a different thing from waiving all inquiry as to fraud. As the company saw fit, on the application and examination of the physician, to inquire specifically into certain matters concerning the health and habits of the applicant, this gave an opportunity to make full examination concerning those matters, and the truth or falsity of the answers made by the applicant. With that opportunity for examination, we see no reason why the company should not be permitted to waive any further inquiry into those matters.

The matters and things which are brought forward by appellant in its answer as a defense, were embraced within part 2 of the application, and, therefore, fell squarely within the terms of the waiver.

That being the only question in the case, it follows that the judgment should be affirmed, and it is so ordered.