GRAND LODGE KNIGHTS OF PYTHIAS OF NORTH AMERICA,
SOUTH AMERICA, EUROPE, ASIA, AFRICA, AND AUSTRALIA,
Jurisdiction of Florida, a corporation, a fraternal benefit
association, v. ELIZA L. HARRIS.

167 So. 814.
Opinion Filed February 1, 1936.
Rehearing Denied March 23, 1936.

. *S. D. McGill,* for Plaintiff in Error;
*Coe & McLane,* for Defendant in Error.

DAVIS, J.—By this writ of error there has been brought into question in this case the rights of defendant in error, a beneficiary of a fraternal benefit society, as an injured person, as contradistinguished from the rights and duties of one of the fraternity of insurers known as the fraternal benefit society, subject to be altered or divested by subsequently enacted by-laws of the fraternal benefit society, adopted and promulgated under authority of Section 6406 C. G. L., 4442 R. G. S., which statute reads as follows:

"Every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter of articles of incorporation, or, if a voluntary association, the articles of association, the constitution and laws of the society and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member, and copies of the same certified by the secretary of the society, or corresponding officer, shall be received in evidence of the terms and conditions thereof, and any changes, additions or amendments to said charter or articles of incorporation, or articles of association, if a voluntary association constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the mem-

ber and his beneficiaries, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application for membership. (Id. Sec. 8.)"

In the court below it was the contention of plaintiff in error, as a fraternal benefit society incorporated and existing under Sub-Chapter IX, Title III, entitled "Incorporation and Regulation of Fraternal Benefit Societies," Sections 6391 C. G. L., 4427 R. G. S., to 6444 C. G. L., 4480 R. G. S., inclusive, that it had a valid right to make changes in its by-laws affecting existing contracts in force with its members, even to the extent of changing the manner and terms of payment promised to the insured in his fraternal benefit life insurance policy, so as to convert the contract of insurance from one payable in a lump sum stipulated amount into one payable only out of such funds of the Grand Lodge as might be made available to carry out an installment plan of payment to be fixed by the society. The Circuit Court rejected that contention, hence this appeal from its judgment.

We agree with the Circuit Court that the insured member of an incorporated fraternal benefit society under the laws of the State occupies a dual status: (1) he is an insured; (2) he is a mutually participating member in a fraternal society who, by his act of joining it under statutes and by-laws so providing, may become bound, *as a member of the society,* by any change or alteration relating to the society of which he is a member, such as regards the conduct of its affairs, its internal management, and the rights and liabilities of the society's members as such.

There is therefore a distinction between an attempted amendment of a fraternal society's by-laws directly affecting

the society's promise to its member certificate holders *as insured persons,* and an amendment merely affecting the member certificate holder's duties *as a member* of a body corporate *bound to perform his part* in providing financial means, or otherwise, as one of the association insurers, Supreme Council of American Legion of Honor v. Getz, 112 Fed. 119; Reynolds v. Supreme Council of Royal Arcanum, 192 Mass. 150, 78 N. E. Rep. 129; Dessauer v. Supreme Tent, Knights of Maccabees of the World, 278 Mo. 57, 210 S. W. Rep. 896; Knights Templars' & Masons' Life Indemnity Co. v. Jarman, 104 Fed. 638, 44 C. C. A. 93, 187 U. S. 197, 23 Sup. Ct. Rep. 108, 47 L. Ed. 139; Neff v. Sovereign Camp W. O. W., 226 Mo. App. 899, 48 S. W. Rep. (2nd) 564; Hazelwood v. Railroad Employees' Mut. Relief Society, 166 Tenn. 556, 64 S. W. Rep. (2nd) 15. Compare: Fugure v. Mutual Society of St. Joseph, 46 Vt. 362 (text 369) apparently *contra.*

We hold, in line with the overwhelming weight of authority on the subject, that the contract rights between an incorporated fraternal society and its insured certificate holding member, regarding the *benefits* promised the member *as an insured person* insured by the corporate society, cannot, under Section 6406 C. G. L., 4442 R. G. S., *supra,* be lawfully destroyed, impaired or taken away from him by a subsequently enacted by-law of the fraternal benefit society, even though the application for the policy itself contain a provision to the effect that the member is to be bound by, and must conform to, all the laws then in force, as well as such might thereafter be enacted by the association.

Section 6406 C. G. L., *supra,* in its provisions regarding subsequently enacted by-laws, must therefore be construed to mean such by-laws and rules of the fraternal benefit society as may be thereafter enacted for the government and

regulation of the conduct and management of the affairs of the association, and prescribing the duties of the certificate holders of the society as members of the association, and not as authorizing the fraternal benefit society to change or nullify, in whole or in part, the corporately executed contracts that the society may have entered into with its members as persons intended to be insured by it within the limitations authorized by law. See Dessauer v. Supreme Tent, Knights of Maccabees of the World, 210 S. W. Rep. 896, *supra*.

The ruling of the Circuit Court rejecting from the evidence proof of plaintiff in error's unauthorized and unlawful attempt, by a subsequent resolution, to abridge the plaintiff's rights as a deceased certificate holder's designated beneficiary to recover the specified amount promised to be paid by the society to the designated beneficiary in cash upon the member's death, was in accord with the holding of this opinion, therefore the judgment appealed from should be and it is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

TERRELL and BUFORD, J. J.. concur in the opinion and judgment.

ELLIS, P. J., dissents.

ELLIS, P. J. (dissenting).—This case, stripped of all the unnecessary wordiness with which the point of law involved is enshrouded in technical mystery, is whether the agreement of the insured member of the fraternal society that he would be bound by by-laws in force at the time he applied for insurance in the society as well as those that might thereafter be adopted, which both by his express agreement and the terms of the statute became part of his contract of insurance binding alike upon him and his beneficiary, should

be construed as empowering the society during the lifetime of the insured not to reduce the amount of the death benefit agreed to be paid, but to spread the payment of the same over a reasonable period of time deemed to be essential to the best interests of all the insured members of the fraternity.

I do not agree that the authorities cited in the majority opinion sustain the negative of that proposition.

On the question whether an agreement by the member that he will abide by the constitution and by-laws of the society as they were at the time he became connected therewith or as subsequently enacted authorizes the society to decrease the benefits for which the member enters into the contract, the authorities are, as I read them, about evenly divided, the negative of the proposition being made to turn in some cases as in Knights Templars' Masons' Life Indemnity Co. v. Jarman, 104 Fed. Rep. 638; 187 U. S. 197, 23 Sup. Ct. Rep. 108, 47 L. Ed. 139, on whether the subsequently adopted by-law was intended to have a prospective or retrospective effect. If the former, as was true in the above cited case, the insured was not bound.

If the agreement was not embodied in the contract, nor read into it by any statute, as was true in the case of Neff v. Sovereign Camp, W. O. W., 226 Mo. App. 899, 48 S. W. Rep. (2nd) 564, the society had no power to decrease the benefits. Both cases are cited in the majority opinion.

The language of Section 6406 C. G. L. (Sec. 4442 R. G. S. 1920) which is part of Chapter 6970, Acts 1915, which provides that any change in the laws of the society duly enacted subsequent to the issuance of the "benefit certificate shall bind the member and his beneficiaries, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been

made prior to and were in force at the time of the application for membership" has relation definitely to the benefit certificate and becomes a part of the agreement.

There is nothing reprehensible about such an agreement, and nothing inconsistent about it. The fraternal society is not writing "life" insurance in the sense of that term as applied to the "old line" companies. Fraternal societies which issue life and sick benefit certificates to their members do so for a much less premium charge than other insurance companies charge for life insurance. The activity of the fraternal society in this regard is inspired by its doctrine of fraternal relations. The method adopted for maintaining its benevolent activities of this character is one of co-operation and assessment by which its funds are replenished so that a member who acquires a certificate of insurance becomes both insurer and insured. Whenever a by-law is amended to benefit the society and strengthen its powers to continue its benevolent work the member certificate holder is correspondingly benefited in that it increases the assurance of benefits to his wife, child or other dependent, in whose interest the members of the society, of which the assured is one, labor.

It was in recognition of that feature of such societies that the statute was enacted, thus approving the prudence, wisdom and oftimes necessity for such amendments.

Modifications in the amount of premiums charged or assessments made or method of payment of benefits may at times become essential to preserve the financial responsibility of the fraternity and secure the general welfare of its membership.

To measure the terms of a benefit certificate issued by a fraternal order to one of its members by the "trading-at-arms-length doctrine" of usual contracts of insurance, is

to disparage the activities of fraternal societies, discount the good that they all do in every community in which they are established and impute to them the smart, tricky, selfishness of a certain type of traders.

The authorities are seemingly in hopeless conflict upon the question whether the reserved power of the society may be exercised to decrease benefits contracted for or increase premiums required to be paid; but to say that the overwhelming weight of authority is one way is obvious oversimplification. There are so many elements that enter into the question of what is authority, not the least of which is the individual viewpoint of the proponent, that it would require Justinian labor to decide how and in what direction the decisions preponderate.

Upon the affirmative side of the proposition may be cited the authorities collected in footnote No. 85 on page 36 of 45 Corpus Juris, also Reynolds v. Supreme Council of the Royal Arcanum, 192 Mass. 150, 78 N. E. Rep. 129, 7 L. R. A. (N. S.) 1154.

I perceive no necessity for placing the extremely narrow and inflexible construction upon the language of the Act which is placed upon it by the majority opinion.

I think the question should turn upon the reasonableness of the amended by-law, and that question should be determined by a jury. So I think the judgment should be reversed.