ROY HOGAN, Also Known as ROY HOGANS, Plaintiff in Error, v. SUPREME CAMP OF THE AMERICAN WOODMEN, a corporation, Defendant in Error.

1 So. (2nd) 256

Division A

Opinion Filed March 25, 1941

*Yonge, Beggs & Carter,* for Plaintiff in Error;

*Watson & Pasco & Brown,* for Defendant in Error.

ADAMS, J.—The plaintiff sued to recover the full death benefit of defendant's certificate issued to plaintiff's wife.

The defendant, a fraternal insurance society, plead in substance that recovery should be limited by one-half, for that the original certificate was subject to any subsequent change in the defendant's constitution and by-laws; that the certificate was issued in 1933; that it lapsed in 1939 and was reinstated within four months time by defendant subject to certain limitations of liability imposed by its by-laws enacted subsequent to issuance and before lapsation, and also upon the holder's express agreement in writing wherein she and defendant contracted that in consideration of defendant's waiving additional proof of good health she would be reinstated according to all subsequent amendments; one of which provided that should the holder die of heart disease within one year after reinstatement the liability would be limited to one-half. The plea alleges that the holder died within two months after reinstatement of heart disease.

The original certificate permitted reinstatement within four months upon written evidence of good health satisfactory to defendant and payment of dues. Such reinstated certificate to be of the same effect as though it had never lapsed.

The lower court held the plea good on demurrer and the plaintiff declining to further plead judgment was entered for plaintiff on the limited liability.

The case is here on writ of error by plaintiff and cross assignments of error by defendant.

We consider the legal sufficiency of the plea.

The subsequent changes in the defendant's constitution and by-laws limiting the benefits by one-half should death

result within one year after reinstatement, from heart disease was in that respect an impairment of the original certificate. Therefore such amendment was of no effect as to plaintiff even though agreed to in advance. Grand Lodge Knights of Pythias of North America, South America, Europe, Asia, Africa and Australia, Jurisdiction of Florida, a corporation, a fraternal benefit association, v. Eliza L. Harris, 124 Fla. 1, 167 So. 814.

We now consider the legal sufficiency of the plea from the standpoint of an express agreement to alter and modify the original. A valid contract requires both capacity of the parties and consideration. The demurrer opens the entire record and confesses all facts well plead. Henderson v. Morton, 109 Fla. 300, 147 So. 456. One of those facts was that the certificate holder was a married woman. The common law as interpreted by this Court does not recognize capacity in a married woman to contract. Lewis v. Yale, 4 Fla. 418; Potter v. Florida Motor Lines, 57 (2nd) 313; Blood v. Hunt, 97 Fla. 551, 121 So. 886; Summer v. Osborne, 101 Fla. 742, 135 So. 513. See also Holder v. West Fla. Dev. Co., 103 Fla. 487, 137 So. 271, L. E. Norris v. McDaniel, 80 Fla. 500. Construing the plea against the pleader we find the contract that of a married woman and therefore unenforcable against her. For that reason the plea was bad in law.

Passing now to the question of consideration. The holder acquired a vested right to reinstate without the limited benefit if death should result from heart disease. That right was contingent on two things. First, payment of dues; second, evidence of good health satisfactory to defendant. More than this defendant had no right to exact. Upon compliance by the holder the defendant could not arbitrarily decline to reinstate.

The defendant did only that which it was already under

obligation to do, hence there was no consideration for the alleged contract and same is effective only to reinstate the original certificate. Davidson v. Old People's Mutual Benefit Soc., 39 N. W. 804; Winder Nat. Bank v. Aetna Life Insurance Co. (Ga.) 137 S. E. 848; New York Life Ins. Co. v. Adams, 151 Ark. 123, 235 S. W. 412-414; National Annuity Ass'n v. Carter, 96 Ark. 495, 132 S. W. 633; Equitable Life Assur. Soc. v. King, 178 Ark. 293, 10 S. W. (2nd) 891; Illinois Banker's Life Assn. v. Hamilton (Ark.) 67 S. W. (2nd) 741.

Having reached this conclusion, it is unnecessary to discuss the other assignments or cross assignments of error. The judgment is reversed for further proceedings not inconsistent with this opinion.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.