PARKER, Judge.
First Florida Bank, N.A. (First Florida) challenges a final judgment entered in favor of Financial Transaction Systems, Inc. (FTSI). FTSI filed an action against First Florida, seeking to recover a termination fee which FTSI had assessed against First Florida when the latter withdrew as a member of FTSI’s nonprofit organization.
The only question raised in this appeal is whether the trial court erred in allowing FTSI to recover the termination fee from First Florida. We answer that question in the affirmative and reverse the trial court’s judgment.
FTSI is a nonprofit organization formed for the purpose of processing credit card transactions for its member banks. In 1980, First Florida applied for and was accepted as a member of FTSI. Thereafter, upon First Florida turning over to FTSI Mastercard and Visa charge slips, deposited by First Florida customers, FTSI would pay First Florida cash in exchange for the slips and process the charge slips through Mastercard and Visa. First Florida was a depository member of FTSI. FTSI’s membership also included credit card issuing members.
In connection with its application for membership, First Florida signed a statement agreeing to abide by all existing provisions of the charter, bylaws, and operating rules of FTSI and any future amendments, including without limitation the obligations “to pay all Bank Member Assessments made by FCSC to the Undersigned, all in accordance with such Operating Rules.”[1]
FTSI’s articles of incorporation provide that upon voluntary termination of membership, a bank member forfeits its capital contribution and has no further vested right, interest or privilege in and to the assets, functions, affairs or franchises of *892 the corporation. These articles have not been changed.
The 1980 bylaws of FTSI allowed a member bank, upon written notice, to withdraw voluntarily from FTSI at any time. FTSI’s 1980 operating rules also allowed voluntary termination of a member bank, without penalty, upon thirty days written notice.
In 1984, the bylaws of FTSI were amended, retroactive to April 1, 1984, requiring its member banks to provide one-year notice of termination, with a provision for payment of a fee based upon the differential in billings if the bank member’s notice was less than one year. FTSI’s operating rules were also amended in 1984, retroactive to April 1, 1984, providing that member banks could voluntarily terminate their membership by furnishing one-year notice, or alternatively, three-months written notice and a payment of a $1,000 fee for each month less than twelve that the required notice was given.
First Florida was not notified of FTSI’s changes in the bylaws and operating rules until July 1984. FTSI gave notice of the changes to the card-issuing members in April 1984.
In August 1984, First Florida informed FTSI in writing that it intended voluntarily to terminate its membership, and sought a waiver of the ninety-day notice required by FTSI’s 1980 operating rules. FTSI responded that the ninety-day notification period had been extended to one year, pursuant to the April 1984 amendments, and that a penalty of $1,000 per month would be assessed for every month less than one year.
First Florida terminated its participation in FTSI in November 1984. FTSI demanded a $9,000 penalty fee, based upon three months notice of termination, nine months short of the required twelve months. When First Florida refused to pay, FTSI filed this suit, which resulted in a $9,000 final judgment for FTSI.
It is firmly established that a corporation is prohibited from amending its bylaws so as to impair a member's contractual right. Brotherhood’s Relief & Compensation Fund v. Cagnina, 155 So.2d 820 (Fla. 2d DCA 1963); see also, Surf Club v. Long, 325 So.2d 66 (Fla. 3d DCA 1975). Although First Florida signed a statement, upon receiving membership in FTSI, to abide by all amendments to FTSI’s charter, bylaws, and operating rules, FTSI cannot validly amend the parties’ original agreement regarding voluntary termination in a manner which deprives First Florida of its vested contractual rights. Cagnina.
Reversed and remanded with directions to the trial court to enter an order in favor of First Florida.
DANAHY, C.J., and CAMPBELL, J., concur.

. FTSI was formerly known as Florida Credit Service Center, Inc. (FCSC).