GEORGE T. HANER, APPELLANT, V. GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN, APPELLEE.

FILED JUNE 15, 1918.  No. 20280.

1. **Insurance: CONTRACT: ULTRA VIRES: ESTOPPEL.** A fraternal beneficiary society is not estopped from pleading *ultra vires* as to a contract which is beyond the powers conferred upon it by the statute under which it is organized.

2. ———: **BY-LAW: INVALIDITY.** A by-law of a fraternal beneficiary society in contravention of the statute under which it is organized is *ultra vires*, and, as between such society and a member chargeable with knowledge of the society's want of power to make a contract based thereon, it is wholly void.

APPEAL from the district court for Saline county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Barth & Busse* and *R. M. Proudfit*, for appellant.

*Ralph R. Horth* and *Edward J. Lambe*, contra.

MORRISSEY, C. J.

This is an action to compel appellee, a fraternal beneficiary society organized under the laws of this state, and doing business exclusively herein, to make payment of a sum fixed under section 170 of its by-laws, giving members the right to a definite cash settlement

upon reaching the age of 70 years. The defendant association falls within the class of fraternal beneficiary associations mentioned in section 3295, Rev. St. 1913. June 1, 1888 defendant issued to plaintiff its benefit certificate, in which it was provided:

"That Brother George T. Haner, a master workman degree member of Friend Lodge, No. 115, of said order, located at Friend, in the state of Nebraska, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen and do participate in the beneficiary fund of the order to the amount of $2,000, which sum shall at his death be paid to Lydia A. Haner, his wife."

May, 1907, the following section was adopted by the proper governing body of the association and made a part of its by-laws, to wit:

"Section 170. Surrender Value. Any member in good standing, seventy years or more of age, may make application for a final card as provided in these laws, and, upon complying with the conditions necessary to the granting of the same, shall be entitled to be paid from the beneficiary fund, at the time of the issuance of the same, a sum equal to all beneficiary assessments paid by him to the Grand Lodge of Nebraska, and a sum equal to all emergency fund payments made by him since the adoption of article 29 of the Grand Lodge by-laws in 1905, together with four per cent. simple interest on each of said sums, said interest to be figured on the payments made each year from January 1st after the same were paid."

It is alleged in plaintiff's petition that the adoption of section 170 of the by-laws was an inducement to him to remain a member of the association; that he remained a member, and paid his dues and assessments from the date of issue of his certificate until the bringing of this action; that plaintiff "was at the commencement of this suit of the age of seventy years and upwards, and was under permanent physical disability by reason thereof; * * * that under the provisions

of said section 170 of the by-laws of said defendant order there is due and payable to this plaintiff from said defendant the said sums of money he has heretofore paid, together with interest thereon from the date of payment at the rate of 4 per cent. simple interest, making a total due the plaintiff from said defendant order of $671.90.'' It is further alleged that plaintiff has complied with all the terms of the contract on his part; that he has made application in due form for a final card and settlement of the ''amount due him on his said beneficiary certificate under section 170 of the by-laws of said defendant order.''

Defendant interposed a general demurrer, which was sustained by the court, and the plaintiff appeals.

The ruling of the trial court is based upon the theory that section 170 of the by-laws was *ultra vires* and void under the statutes regulating the defendant association. The statutes cited read, in part, as follows:

''A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each such beneficiary association shall have a lodge system, with ritualistic form of work, and a representative form of government.'' Rev. St. 1913, sec. 3295.

''Such society shall make provision for the payment of benefits in case of death, and may make provision for the payment of benefits in case of sickness, temporary or permanent physical disability, either as a result of disease, accident or old age: Provided, the period in life at which payment of physical disability benefits on account of age commences shall not be under seventy years.'' Rev. St. 1913, sec. 3296.

Is section 170 of the by-laws *ultra vires* and wholly void? The statute gives power to bestow aid upon members who are sick or disabled, as a result of disease, accident, or old age, but provides that benefits shall not accrue because of old age until the member has reached

the age of 70 years. It does not give the right to confer such benefits upon a member merely because he reaches the age of 70 years; physical disability must be coupled with his years. The section of the by-laws forming the basis for this action fixes a definite surrender value without regard to the physical condition of the member. It is alleged that plaintiff is under permanent physical disability "by reason of having reached the age of 70 years." It is a matter of common knowledge that the attainment of this age does not necessarily work disability, and this statement in the petition adds nothing to the provisions of section 170 of the by-laws. Under the terms of this by-law disability is of no consequence; the time for settlement is fixed and definite without regard to the member's physical condition. The statute of Kansas governing his class of associations, is essentially the same as ours. It has there been held that the statute does not authorize such payment. *Kirk v. Fraternal Aid Ass'n,* 95 Kan. 707. In support of this holding there are a number of citations which we do not here set out, but they may be found in the original report.

It is argued that the association is estopped to deny the validity of this section of the by-laws. The association was operating under the statute at the time plaintiff became a member. Plaintiff, as a member of the association, was a party to the adoption of this by-law. He does not stand in the same relation to the association as does the holder of a policy in a standard life insurance company, but occupies the dual position of insurer and insured. The association could not directly write a contract for this class of insurance, and the law will not permit the association to evade the statute and do by indirection what it may not directly do. 22 Cyc. 1417. The holdings seem to be that a fraternal society may waive its own by-laws or any of the provisions made for its management, but it cannot waive the provisions of the statutes made for its government.

It is argued that the contract was with the Grand Lodge, and that plaintiff was not a member of that body, but was a member of one of the subordinate bodies. This contention is without merit. Section 3295, Rev. St. 1913; gives to members of subordinate lodges a vote on the adoption of changes or amendments to their constitution or by-laws. The very nature of the organization is such that the Grand Lodge and its subordinate lodges must for some purposes be regarded as a single entity. The Grand Lodge has no means of raising money except only as it is raised in the local lodge, and the local lodge is without a responsible governing body without the Grand Lodge. One is indispensable to the other. Plaintiff will be presumed to have had knowledge of the statute under which the association is doing business, and he knew or ought to have known that the by-law was *ultra vires*.

The demurrer was properly sustained, and the judgment is

AFFIRMED.