WILLIAM A. SCHELL, APPELLEE V. GRAND LODGE, A. O. U. W., APPELLANT.

FILED MAY 23, 1925.   No. 23150.

Judgment reversed and cause dismissed on the authority of *Haner v. Grand Lodge, A. O. U. W.,* 102 Neb. 563.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed and dismissed.*

*John Stevens, Ralph S. Moseley* and *J. C. McReynolds,* for appellant.

*W. C. Parriott, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

This is an action to compel appellant, a fraternal beneficiary society, organized under the laws of this state, to pay appellee the total amount of beneficiary assessments paid by him, with interest, in accordance with the terms of section 170 of the by-laws adopted in 1907 by the society, which provided for such payment to any member in good standing 70 years or more of age. This by-law was declared void by this court in *Haner v. Grand Lodge, A. O. U. W.*, 102 Neb. 563, but plaintiff grounds his action upon a letter from the grand recorder, which he claims constitutes a promise to pay the amount demanded, in reliance upon which he ceased paying assessments, withdrew from the order, and thereby lost the benefit of the insurance provided for in his certificate.

The letter referred to was in response to a demand of payment under the terms of the by-law, and is as follows:

"Dear Bro. Workman:

"You were notified that your application had been filed for settlement in my former letter. As there is no funds to make these payments with, the grand lodge instructed the grand recorder that no further payments should be made until all death claims on his table were paid and a surplus in banking fund. Just when that time will be, I cannot say. No one is disputing your right to file an application whatever, and to the computation, it is impossible for me without having at least three more clerks to make computations exact and forward them to the membership. The approximate sum that you have paid in is $496. Interest computed at 4 per cent. is $221.

"Yours in ————,

"Frank L. Evans, Grand Recorder."

The contention of appellee (plaintiff) is that the society is estopped by this letter to assert the invalidity of the by-law. A large part of appellant's brief is devoted to the

question whether the letter constitutes a promise to pay, but we will not discuss this question, as it is too plain for argument that, if the corporation had no power to make the contract, its officer was equally powerless. We think on the question of estoppel the case is ruled by *Haner v. Grand Lodge, A. O. U. W., supra,* where it is held: "A fraternal beneficiary society is not estopped from pleading *ultra vires* as to a contract which is beyond the powers conferred upon it by the statute under which it is organized." Plaintiff must be held to have had notice of the by-law and its invalidity, and, having been a member at the time it was passed, is a party to it.

The language of Morrissey, C. J., in the *Haner* case is apt:

"The association could not directly write a contract for this class of insurance, and the law will not permit the association to evade the statute and do by indirection what it may not directly do. 22 Cyc. 1417. The holdings seem to be that a fraternal society may waive its own by-laws or any of the provisions made for its management, but it cannot waive the provisions of the statutes made for its government."

Cases cited by appellee are not in point.

Judgment reversed and cause remanded, with instructions to dismiss.

REVERSED AND DISMISSED.