DWELLEY *v.* TOM McDONNELL, INC.

1. CORPORATIONS—LANDLORD AND TENANT—AVAILABILITY OF PLEA OF
   ULTRA VIRES.
   The plea of *ultra vires* is not available to landlord of defendant
   corporate lessee, where it is not shown plaintiffs were di-
   rectors or officers of defendant or knew of the *ultra vires*
   character of the act of defendant in entering into lease in-
   volved (CL 1948, § 450.11).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VIOLATION OF LEASE.
   Claim that defendant corporate lessee of plaintiffs had violated
   lease which plaintiffs sought not to renew in accordance
   with provisions therefor, made for the first time on appeal,
   is not considered by the Supreme Court as a case will not
   be reviewed in the Supreme Court on a theory different from
   that on which it was tried in the trial court.

Appeal from Oakland; Holland (H. Russel), J.
Submitted June 6, 1952. (Docket No. 42, Calendar
No. 45,505.) Decided June 27, 1952.

Summary proceedings by George M. Dwelley and
wife against Tom McDonnell, Inc., a Michigan cor-
poration, to recover possession of real estate. On
appeal to circuit court, judgment was for defendant.
Plaintiffs appeal. Affirmed.

*John J. Gafill* (*H. V. Spike,* of counsel), for plain-
tiffs.

*Francis W. McCauley,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Corporations § 758 *et seq.*
[2] 3 Am Jur, Appeal and Error §§ 820, 830.

REID, J. Plaintiffs appeal from a judgment of the circuit court, which judgment affirmed the judgment for the defendant rendered by a circuit court commissioner, in a summary ouster proceeding brought by plaintiffs against the defendant corporation.

Plaintiffs are the owners of the property involved in the proceeding, situate at 467 South Woodward, Birmingham, Michigan. The building on this property was constructed for automobile business.

On December 31, 1945, defendant entered into an agreement with plaintiffs to lease the premises for a term of 5 years commencing September 1, 1946, to be used for conducting a Lincoln and Mercury sales and service business. The agreement to lease provided that defendant should have possession of parts of the building as soon as plaintiffs should be able to dispossess the then tenants of various parts of the building, and not later than August, 1946. Defendant was to have possession of all of the building not later than September 1, 1946, at which time a lease for 5 years was to be executed, which lease was to be for $350 rent per month and defendant at the end of the 5-year period was to have the option of renewal for another 5-year period, at the same rent. Defendant obtained possession of part of the premises in the spring of 1946 and thereafter paid a proportionate part of the rent. Defendant in June, 1946, after obtaining possession of part of the building but before obtaining full possession of all the building, leased another building more suitable for defendant's business, and notified plaintiffs that defendant would not be able to use the premises as originally intended. In the ensuing discussion, plaintiffs were not willing to release defendant from its agreement to lease the property. A lease between plaintiffs and defendant was signed September 1, 1946, and contained the provision that the premises were to be "used and occupied only for the

purpose of conducting an automobile dealership, for any lawful purpose in accordance with any city ordinance," and among other things also provided that the "landlord hereby agrees that the tenant may assign or sublet the above premises or any part thereof." Thereafter and on October 29, 1946, defendant informed plaintiff George M. Dwelley by letter that defendant had arranged to sublease the premises to Berry Door Company and that defendant sought Dwelley's written approval, and George M. Dwelley's approval was signed at the bottom of the letter.

On August 24, 1951, a few days before the lease of September 1, 1946, expired, defendant wrote to plaintiffs that it "elects to exercise the option to renew, for an additional period of 5 years, the lease from you to it, dated September 1, 1946." Plaintiffs refused to extend the lease for the additional 5-year period and instead, brought the summary ouster proceeding which is before this Court on appeal herein.

Plaintiffs claim that the subletting is beyond and outside of the scope of defendant's charter, and that by the subletting defendant rendered the lease from plaintiffs void. The trial court found that defendant fully performed the lease on defendant's part and timely exercised defendant's option to renew the lease.

Article 2 of the defendant's incorporation is as follows:

"The purpose or purposes of this corporation are as follows:

"To buy, sell, own, lease, deal in and deal with, store and repair automobiles, trucks, and all other types of motor vehicles;

"To manufacture, buy, sell, deal in and deal with parts and accessories used in and about motor vehicles, together with all articles and supplies used

in connection with the purchase, sale, storing and repairing of motor vehicles of all descriptions;

"To buy, sell, own, lease and operate garages, service stations, and repair shops for all types of motor vehicles.

"(In general to carry on any business in connection therewith and incident thereto not forbidden by the laws of the State of Michigan and with all the powers conferred upon corporations by the laws of the State of Michigan.)"

Plaintiffs cite and rely upon *Anderson* v. *Conductors Protective Assurance Co.*, 266 Mich 471, 476, 477, as upholding plaintiffs' claim as to effect of *ultra vires*. The *Anderson Case* was decided April 3, 1934.

Our statute, CL 1948, § 450.11 (Stat Ann § 21.11), effective June 6, 1935, provides:

"The plea of *ultra vires* shall not be made by anyone except by (1) the corporation in an action between it and a director or officer thereof or a person having actual knowledge of the *ultra vires* character of the act or (2) by either party in an action between a shareholder and the corporation. The foregoing provision shall be construed as a limitation on the power of a corporation.

"The plea of *ultra vires* shall not be made by any foreign corporation or any other party in any action brought in this State except (1) between such corporation and a director or officer thereof or a person having actual knowledge of the *ultra vires* character of the act or (2) by either party in an action between a shareholder and the corporation."

The *Anderson* decision is not considered by us as preventing the application of the later enacted statute just cited above to the case at bar. Plaintiffs are barred by the above-cited statute, CL 1948, § 450.11 (Stat Ann § 21.11), from availing themselves of the claim that the lease in question was *ultra vires* as to defendant corporation.

Plaintiffs seek in this Court, for the first time, to raise the question that defendant violated the lease, and plaintiffs claim here and now the right to have the lease declared void and terminated by reason of breach by defendant.

Plaintiff George M. Dwelley in his letter to defendant dated July 12, 1951, complained of defendant as breaching the covenants of the lease.

Plaintiffs' attorney made the claim and position of plaintiffs known to the circuit court, at the beginning of the trial, as follows:

"The reasons which Mr. Dwelley gave as to why it should be given up we will not go into because we have decided that the legal question should control in this matter, and the legal question is that at the time the defendant corporation made this contract they were not empowered to make it, it was *ultra vires* and void and is void and being void from its inception, no right of renewal exists in the defendant."

The question as to whether defendant breached the lease will not be considered in this Court where it was not raised in the trial court.

"We have repeatedly held that a case in the Supreme Court will not be reviewed on a theory different from that on which it was tried below." *Gustin* v. *Ziem,* 289 Mich 219, 224.

Judgment for defendant is affirmed, with costs to defendant.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.

NORTH, C. J., did not sit.