THOMPSON v. CITY OF ECORSE.

1. MUNICIPAL CORPORATIONS—CITY CHARTER—CLASSIFIED CIVIL SERVICE—FINDINGS OF FACT—SUFFICIENCY OF EVIDENCE.

Finding of trial court that plaintiff employee was, under an amendment to the charter of the city, a classified civil service employee, not subject to discharge without cause, rather than a deputy authorized to carry out the duties of appointive superior officers in their stead or absence, whose employment could be terminated at will, *held*, proper, where the evidence as to plaintiff's authority was conflicting, and was sufficient to sustain the finding (Ecorse city charter, ch 18, §§ 8[b], 10).

2. APPEAL AND ERROR—SUPERINTENDING CONTROL—EVIDENCE.

The Court of Appeals does not reverse the finding of a trial court when reviewing latter's action on writ of superintending control in the nature of mandamus, where it may not be said that the finding is clearly erroneous.

3. NEW TRIAL—MOTION FOR NEW TRIAL—DISCRETION OF COURT.

Claim by defendant city that the trial court erred in denying its motion for new trial made on the basis that the judgment of the court was contrary to the law and contrary to the greater weight of the evidence *held*, without merit, where a review of the record does not indicate that either ground was established.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 15 Am Jur 2d, Civil Service §§ 28, 33.
[2] 5 Am Jur 2d, Appeal and Error § 870.
[3] 39 Am Jur, New Trial § 107 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 839.

4. APPEAL AND ERROR—THEORY OF CASE.
A case will not be reviewed upon appeal on a theory different from that on which it was tried.

5. MUNICIPAL CORPORATIONS—CITY CHARTER—CLASSIFIED CIVIL SERVICE—SUFFICIENCY OF EVIDENCE—FINDINGS OF FACT.
Judgment finding that plaintiff was, under an amendment to the city charter, a classified civil service employee, not subject to discharge without cause, rather than a deputy authorized to exercise duties of appointive officers in their stead or absence whose employment could be terminated at will, and directing that defendant city re-employ plaintiff and pay her wages lost as a result of illegal discharge *held*, proper, where the evidence as to plaintiff's authority was conflicting, and a review of the record establishes that the findings of the trial court were not clearly erroneous (Ecorse city charter, ch 18, §§ 8[b], 10).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 April 4, 1967, at Detroit. (Docket No. 2,295). Decided August 1, 1967.

Complaint by Merle Thompson against City of Ecorse, the council of the City of Ecorse, and Albert B. Buday, Roscoe Bobo, Eli Ciungan, Alexander Petri, Giles Reeve, Dennis Smith, and Tracy Salisbury, members of the city council, for a writ of superintending control, in the nature of mandamus, to compel plaintiff's reinstatement as an employee of the water department of the City of Ecorse, and for damages as a result of wages lost through illegal discharge from said employment. Judgment for plaintiff. Defendant City of Ecorse appeals. Affirmed.

*Philip J. Neudeck* and *William J. Mullaney,* for plaintiff.

*Victor T. Mitea,* for defendants.

T. G. KAVANAGH, P. J. By a resolution passed by the Ecorse city council on January 14, 1964,

plaintiff became employed by the city of Ecorse as deputy clerk of the water department. At that time the civil service provisions of the city charter expressly excepted from the classified service thereunder, "The water commissioner and his clerical help."

On November 2, 1965, a civil service charter amendment became effective. It placed all employees of the city in the "classified" service except as provided in the following (Chap 18, § 8, sub par [b] of Ecorse city charter):

"All of the appointive officers as set forth in chapter 6, section 3, section 12 and section 13 of the charter of the city of Ecorse and only said appointive officers, deputies and/or assistants who may act and carry out the duties of said appointive officers in their stead or in their absence."

The resolution by which plaintiff was employed was rescinded by the Ecorse city council on November 16, 1965. A copy of this rescinded resolution and a notice of termination was sent to plaintiff the following day.

Plaintiff sought a writ of superintending control in the Wayne county circuit court claiming that she was under civil service and improperly removed. The writ was granted and the defendant City of Ecorse was compelled to reinstate plaintiff in her position as deputy clerk with full pay from the date of her removal.

On appeal, defendant asserts that the trial court erred in his determination that plaintiff's dismissal by the city was improper and that plaintiff was not entitled to the relief of superintending control in the nature of mandamus since there was another speedy, adequate remedy available to her.

Whether plaintiff was under civil service depends on whether or not she was a deputy authorized to

act on behalf of the appointive officer in his absence. From the conflicting evidence on this point the trial court concluded she was not such a deputy. We cannot say this finding is clearly erroneous.

Since she was not excepted from civil service she was under it by virtue of the provisions of the amended city charter and hence her summary dismissal without any cause assigned was improper as violative of section 10 of the civil service provision of the charter which reads:

"Section 10. Any separation from the service for a period of more than 15 days for cause assigned, shall be and is hereby declared to be a removal.

"Any separation from the service for a period less than 15 days shall be and is hereby declared to be a suspension.

"No removal shall be valid unless for cause assigned and ordered by the proper appointing authority."

The second assertion of error appears to be an afterthought. The whole case was tried before the trial court on the sole question of whether the plaintiff was in excepted employment. After the court's adverse holding the defendant moved for a new trial for two reasons:

"1. That the judgment of the court is contrary to law.

"2. That the judgment of the court is against the greater weight of the evidence."

We are not persuaded from our review of the record that either ground was established and hence the trial court's denial of the motion appears to us as no abuse of discretion.

On appeal a case will not be reviewed on a theory different from that on which it was tried. See *Leeseberg v. Builders Plumbing Company* (1967),

6 Mich App 321, *Dwelley* v. *Tom McDonnell, Inc.* (1952), 334 Mich 229, and *Gustin* v. *Ziem* (1939), 289 Mich 219.

Affirmed. Costs to appellee.

LEVIN and VANDERWAL, JJ., concurred.