PEOPLE *v.* LOGUE

1. CRIMINAL LAW—CONTINUANCE—DISCRETION—APPEAL AND ERROR—
   STANDARD OF REVIEW.
   The trial court has discretion to grant or deny a continuance in
   a criminal case; prejudice to the defendant must be apparent
   or proven to have been at least probable to show abuse of
   discretion.

2. CRIMINAL LAW—CONTINUANCE—UNAVAILABILITY OF WITNESSES—
   DISCRETION.
   Denying a criminal defendant a continuance was not an abuse
   of discretion where only two of the defendant's eight alibi wit-
   nesses were unavailable for trial, no affidavits were presented
   at the motion for new trial indicating that these absent wit-
   nesses were actually alibi witnesses or as to the testimony they
   would have given, the defendant had had adequate notice of
   trial, and the failure to have the witnesses present was a
   result of defendant's counsel's oversight (MCLA § 768.2).

Appeal from Berrien, Chester J. Byrns, J. Sub-
mitted Division 3 January 7, 1971, at Grand Rapids.
(Docket No. 8758.) Decided February 15, 1971.
Leave to appeal denied July 15, 1971, 385 Mich 767.

Jim Daniel Logue was convicted of breaking and
entering with intent to commit larceny. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Ronald J. Taylor,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Continuance § 40.
   Hostile sentiment or prejudice as ground for continuance of
   criminal trial. 39 ALR2d 1314.
[2] 17 Am Jur 2d, Continuance § 32.

Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Small & Shaffer,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

HOLBROOK, P. J. The defendant was convicted by a jury of breaking and entering a building with intent to commit a larceny therein. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). Trial took place on November 20 and 21, 1968.

The defendant had timely asserted the defense of alibi. At the commencement of the trial the defense moved for a continuance due to the fact that three of the defendant's alibi witnesses were not available. The reason presented for the unavailability was that they were deer hunting. Defense counsel admitted these witnesses had not been subpoenaed. The trial judge denied the motion, basing his denial on the fact that he had a crowded docket, that the defendant had had adequate notice of the trial, and that the failure of the witnesses to be present was the result of the defense counsel's own oversight.

During the second day of trial, a conference was held between counsel and the trial judge out of the presence of the jury. At the conference it was determined that of the eight witnesses listed, only two were unavailable at time of trial and that one of the three witnesses supposedly deer hunting was actually incarcerated in the Berrien County Jail. At the same conference the trial judge brought to the attention of both counsel the fact that one of the defense witnesses, John Walters, had been arrested in the hall outside of the courtroom by a plainclothes sheriff's deputy. The judge asked both attorneys

whether they wanted him to interrogate the jury with respect to their knowledge of the arrest and whether they would be prejudiced by any knowledge they had of the arrest of witness Walters. The trial judge also presented the alternative of not mentioning the incident to the jury at all. The defendant, with the advice of his counsel, decided not to have the incident mentioned to the jury at all.

Upon conclusion of the proofs and after an hour's deliberation, the jury found the defendant guilty as charged. Present counsel was then appointed for appellate review, and a motion for new trial was filed. That motion was denied by the trial court. Defendant then appealed to this Court and has raised four issues to be considered.

I

*Did the trial judge abuse his discretion in refusing to grant the continuance requested by the defendant at the outset of trial?*

Under MCLA § 768.2 (Stat Ann 1954 Rev § 28-.1025), the granting or denial of a continuance in a criminal case is a matter of discretion with the trial court. The case of *People* v. *O'Leary* (1967), 6 Mich App 115, reaffirms the discretionary aspect of granting or denying a continuance and adds that prejudice to the defendant must be apparent or proven to have been at least probable to show an abuse of discretion of a trial court in denying a motion for continuance in a criminal case. It is clear from the record that the defendant was not prejudiced by the denial of the grant of continuance by the trial court. Only two of the defendant's eight alibi witnesses were not available for trial. In the motion for a new trial of defendant, no affidavits of these two witnesses were proffered to indicate that they were actual alibi witnesses or as to what they

would have testified to had they been called. The record indicates that the trial judge had good reason for not granting the continuance, and there was no abuse of discretion.

## II

*Did the trial judge err in not determining the prejudicial effect, if any, of the arrest of one of the defense witnesses in the hall outside the courtroom or in failing to declare a mistrial?*

The core of the defendant's argument with respect to this issue is that the trial judge improperly handled the incident with respect to the arrest of one of the defendant's witnesses outside of the courtroom. The defendant alleges that the trial judge should either have (1) polled the jury to determine if they had any knowledge of the incident, and, if so, to determine if they were prejudiced by it, or (2) declared a mistrial *sua sponte* as a result of the incident. He also asserts that the trial judge, in not informing the defendant that he had the option of moving for a mistrial, did not fully inform the defense of its options and this prejudiced the defendant's position.

This issue presents the question of jury prejudice from a view not presented to the court before this time. The typical case involving jury prejudice is one such as *People* v. *Qualls* (1968), 9 Mich App 689, in which the trial judge had questioned the jury with respect to possible prejudice from acts which occurred outside of the courtroom, the defendant had moved for a mistrial, and the trial judge had denied that motion. In the case at hand, the trial judge, on his own motion, pointed out to the attorneys trying the case that he had become aware of the *possibility* that the jury had been exposed to some information that *might* be prejudicial to the defendant's interests. He presented the parties with

a choice with respect to this information. He could either poll the jury as to their state of knowledge with respect to the information or he could not mention it at all. There had been no showing that any member of the jury actually knew of the arrest nor any showing that their knowledge of the arrest, if any, was in any way prejudicial to the defendant. The defense made a tactical decision not to pursue the matter further.

It should be recognized by the Court on appeal that one of the claims made by the defendant is that no determination was made by the trial court as to the possible effect of the arrest of one of defendant's witnesses outside of the courtroom. His contention is, of course, that failure to inquire into the possible prejudicial effects of the occurrence of the arrest on the defendant's case was so harmful that the defendant is entitled to a new trial. Also it is noted that the alibi witness who was arrested outside the courtroom had previously testified that he had been with the defendant at his home during the time of the breaking and entering and on cross-examination admitted that he had been arrested and convicted of the crimes of breaking and entering and of malicious destruction of property as well as other offenses. Prejudice under the circumstances would be minimal at most and may well have been the reason for the tactical decision of the defendant that the matter not be brought up. In *People* v. *Qualls, supra,* this Court said:

"Assuming *arguendo* that the trial judge should have been more extensive in his inquiry, the position that defendant herein urges is certainly inconsistent with his position at trial, that he was satisfied with the court's inquiry and had no further questions. This Court views the defendant's present position as an afterthought; by failing to make further requests of the trial judge, the defendant has effec-

tively waived the right to complain. It has been said on good authority that 'It is only in furtherance of good practice to hold that a defendant who chooses to take the chances of an acquittal on the merits, without complaining of irregularities at the trial, waives his objections.' 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 715, p 909. We find that the inquiry of the trial judge, while not exhaustive, was sufficient under the facts presented to satisfy the spirit of *Schram, supra,*[1] and justified the denial of the motion for a mistrial."

Defendant asserts that the trial judge should have told defendant that he was entitled to ask for a mistrial. At this point in the proceedings, no one knew if the jury had any knowledge of the incident at all. In fact, the arrest took place outside of their view. The trial judge was very careful about the matter and informed counsel of the incident. Any question of a mistrial was premature at the time. We find no prejudicial error as to issue II.

## III

*Was the defendant provided with adequate trial counsel?*

The defendant alleges on appeal that he was not adequately represented by counsel at trial. This Court has adopted the test that a defendant in a criminal case has been deprived of adequate representation of counsel only if counsel's lack of diligence or competence reduced the trial to a farce or a sham. *People* v. *Butler* (1970), 27 Mich App 404; *People* v. *Crawford* (1969), 16 Mich App 92; *People* v. *Higginbotham* (1970), 21 Mich App 489. A review of the transcript in this case indicates that the trial was neither a farce nor a sham but that defense counsel adequately represented his client. Defendant's claim that he was not properly repre-

---

[1] *People* v. *Schram* (1966), 378 Mich 145.

sented by his defense counsel appears to be without foundation.

## IV

Defendant has listed on his own 12 claimed errors which appellate counsel has declined to brief or argue. Counsel states that he agrees with the determination of these issues by the trial court in its consideration of the matters on defendant's motion for a new trial. We agree with defendant's appellate counsel that they do not merit further consideration here.

Affirmed.

All concurred.