STRIBLEY v MICHIGAN MARINE, INC

1. EQUITY—DE NOVO REVIEW—APPEAL AND ERROR.

The Court of Appeals reviews chancery cases *de novo* on the record giving considerable weight to the findings of the trial court and the findings and decisions of the trial court are upheld unless the Court of Appeals would have reached a different result had it been in the trial court's position.

2. ZONING—COMMERCIAL ACTIVITY—DREDGING.

A dredging operation in front of defendant's lots to permit ingress and egress for boats and to supply fill for a proposed marina complex is a part of the entire commercial enterprise and therefore constitutes a commercial activity for the purposes of a city zoning ordinance prohibiting commercial use of those lots.

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 May 9, 1972, at Grand Rapids. (Docket No. 12888.) Decided July 26, 1972. Leave to appeal denied, 388 Mich 786.

Complaint by Juliet K. Stribley against Michigan Marine, Inc., to enjoin defendant from dredging operations, or in the alternative for damages. Plaintiff's request for a temporary injunction denied. Plaintiff appeals. Reversed and remanded.

*Poppen, Street, Sorensen & Engle,* for plaintiff.

*White, Spaniola, Knudsen & Stariha* (by *Darrel G. Brown),* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 703.
[2] 58 Am Jur, Zoning § 46.
Construction and application of provision of zoning ordinance which permits use for accessory or incidental purposes, 150 ALR 494.

Before: R. B. BURNS, P. J., and HOLBROOK and O'HARA,* JJ.

HOLBROOK, J. This case presents the question as to whether certain dredging operations by defendant in its riparian waters in front of its lots in the City of North Muskegon constitute commercial activity. Plaintiff owns and has a cottage on lot 12 in the same plat which faces south on Muskegon Lake. Defendant is the owner of adjoining land to the west consisting of vacant lots 13, 14 and 15, and a commercially zoned point of land extending into the lake adjacent to lot 15.

Defendant commenced building a boat dock and marina on its commercial property. To provide fill for the marina site and to provide deeper water for boats to pass to and from the boat dock and marina, defendant started dredging out part of the underwater shore land in front of its lots 13, 14, and 15.

Plaintiff objected to the dredging operations of defendant and filed a complaint seeking a permanent injunction or, in the alternative, damages.

After a hearing[1] on the order to show cause why a temporary injunction should not issue restraining defendant from dredging in front of lots 13, 14, and 15, the trial court found as follows:

"Reviewing the complaint as amended the court finds that this dredging activity is not a commercial activity as prohibited by the zoning (if such zoning in fact does govern adjoining riparian waters). The claim in the nature of nuisance is anticipatory and not founded on any factual showing and the acts complained of take place only on defendant's land or riparian waters in

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Consisting of oral argument of counsel for both parties and the introduction into evidence of certain exhibits.

front of land owned by it. Under these circumstances plaintiff has not shown grounds for equitable relief. The request for injunction or bond is denied."

The plaintiff's claims in the trial court and on appeal to this Court are as follows: That defendant had notice of the duly recorded agreement containing restrictive covenants and of the City of North Muskegon zoning ordinance prohibiting commercial use of these lots; that defendant's proposed dredging would remove many tons of earth from the riparian waters of lots 13, 14, and 15; that this material would then be placed in proper position for use in building defendant's boat dock and marina; that this would destroy the natural beauty and wild life in the area and destroy the value of plaintiff's property through the expanding commercial activity, noise, and litter from heavy boats using the deepened waters; that the restrictive agreement and zoning restrictions apply to the adjoining waters and lands beneath the surface thereof to the center of the lake; and that the use of the dredged material in this operation would be a commercial use forbidden by the agreement and the zoning ordinance, and should be enjoined.

The defendant's position herein is that the trial court's finding that the dredging activity in itself was not a commercial activity was correct and is supported by the record; and that the dredging of subsurface land owned by defendant is not prohibited by the restrictive agreement or by the ordinance which prohibits the land to be used for commercial activity.

We review chancery cases *de novo* on the record giving considerable weight to the findings of the trial court. *Christine Building Co v City of Troy,* 367 Mich 508 (1962); *Rice v Naimish,* 8 Mich App

698, 706 (1967). The findings and decisions of the trial court are upheld unless this Court is convinced it would have reached a different result had it been in the trial court's position. *Gamble v Hannigan,* 38 Mich App 500 (1972); *SBS Builders, Inc v Madison Heights,* 38 Mich App 1 (1972); *Rose v Fuller,* 21 Mich App 172 (1970); *Georges v Ballard,* 20 Mich App 554 (1969).

The legality and effect of the restrictive covenants agreement was not passed upon by the trial court and we do not consider it on appeal. Likewise, the effect and applicability to this case of ordinance No. 131 of the City of North Muskegon, as amended, was not ruled upon by the trial court and we do not consider it herein. We confine our attention on this appeal solely to the trial court's determination that the defendant's dredging operation did not constitute commercial activity.

Commercial activity has to do with business transactions with profit as the motive. The marina operations of defendant were complex, including a motel, boat dock, restaurant, apartments, and providing various other business and recreational services. All of these operations obviously are well within the realm of commercial activity. The dredging which permitted ingress and egress for boats to be serviced and supplied necessary fill to make the business operable was obviously a part of the entire commercial enterprise. *Suburbia Gardens Nursery, Inc v St Louis County,* 377 SW2d 266 (Mo, 1964); *Mechanical Farm Equipment Distributors, Inc v Porter,* 156 F2d 296 (CA9, 1946); and *Business Management Corp v Department of Industrial Relations,* 21 Cal 2d 26; 129 P2d 681 (1942).

From the evidence presented to the trial court, we are convinced that had we sat as trial chancel-

lor, we would have been compelled to have reached a different result, *i.e.,* that defendant's dredging operation for the purposes stated herein constituted commercial activity.

We reverse and remand to the trial court for further proceedings on the merits.

Costs to plaintiff.

All concurred.