FORD v HOWARD

1. PARTNERSHIP—DISSOLUTION OF PARTNERSHIP—PROFESSIONAL NAME
—RIGHTS IN COMMON.

Partners, upon dissolution of a partnership agreement, have the right in common to use an undisposed-of professional name, but not to the exclusion of the other partners.

2. APPEAL AND ERROR—THEORY OF CASE—PRESERVING QUESTION.

The appellate courts of this state will not review a case on a theory different from that on which it was tried.

3. COURTS—PRETRIAL SUMMARY—POWER TO MODIFY SUMMARY—
PLEADING—APPEAL AND ERROR—STANDING—COURT RULES.

A trial court has the discretionary power to modify a pretrial summary, and where such a modification was made as a result of a plaintiff's amended pleadings, which altered the basic issue as formed by the pretrial judge, the plaintiff is without standing to challenge the modification on appeal (GCR 1963, 301.3).

4. APPEAL AND ERROR—JUDGES—FINDINGS OF FACT—CREDIBILITY OF
WITNESSES.

Findings of fact by the trial court will not be set aside unless they are clearly erroneous, whether the action is in law or equity, because the trial court has a special opportunity to judge the credibility of the witnesses.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 February 12, 1975, at Detroit. (Docket No. 20017.) Decided March 12, 1975.

Complaint by Willie Lee Ford, Ronald D. Banks,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Partnership § 204.

Right to use firm name on dissolution of partnership. 173 ALR 444.

[2, 3] 4 Am Jur 2d, Appeal and Error § 185.

5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[3] 5 Am Jur 2d, Appeal and Error §§ 727, 853.

[4] 5 Am Jur 2d, Appeal and Error § 831.

and Larry Demps against William Howard and Elbert Wilkins for injunctive relief to restrain defendants from using the name "The Dramatics" and from interfering with plaintiffs' use of that name. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Ernest Levin,* for plaintiffs.

*Patmon, Young & Kirk, P. C.* (by *Ulysses W. Boykin, III),* for defendants.

Before: D. E. HOLBROOK, P. J., and DANHOF and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. This appeal arises from a suit between five young men who performed together as entertainers under the name, "The Dramatics". The professional relationship between plaintiffs and defendants commenced sometime around November of 1970 and during that relationship the parties made at least one popular recording, undoubtedly enhancing the value of the name under which they performed. Internal dissensions resulted in a termination of this working relationship sometime in early 1973, and in March, 1973, plaintiffs commenced this action alleging that defendants had withdrawn from the group and that the name, "The Dramatics", remained the property of the "surviving members". Plaintiffs sought a permanent injunction to restrain defendants from using the name and from interfering with plaintiffs' use of that name. The trial court denied the relief, and plaintiffs appeal.

The trial court, sitting without a jury, made several findings of fact following the close of proofs. The findings relevant to this appeal are: (1) that in approximately November, 1970, a partner-

ship existed consisting of plaintiffs and defendants, and that its name and style, "The Dramatics", was an asset of the partnership; (2) there was no written partnership agreement; (3) there was no persuasive evidence that any oral partnership agreement existed which provided that ownership of the name, "The Dramatics", would pass to "surviving partners" upon the expulsion, resignation or withdrawal of any of them; and (4) that defendants Wilkins and Howard withdrew from the partnership in early 1973.

The trial court found as a matter of law that the withdrawal of defendants from the partnership constituted a dissolution of the partnership pursuant to the Michigan Uniform Partnership Act, MCLA 449.29; MSA 20.29. Relying on *Saunders v Stringer,* 265 Mich 301; 251 NW 342 (1933), the trial court denied the injunctive relief and ruled that the title, "The Dramatics", not having been disposed of upon dissolution, was the property of all of the partners in common with the right to use it in common, but not to the exclusion of the other partners.

At oral argument the attorneys for both parties acknowledged that the court's judgment prohibited the use of the name separately by either plaintiffs or defendants, and that their clients are in violation of that judgment, as both are presently utilizing the name separately. Oral argument also revealed that the defendants have instituted litigation in circuit court to wind up the affairs of the partnership and distribute the assets. The subsequent action has been assigned to the same judge who tried the instant case pursuant to GCR 1963, 925.5(2), (3). Plaintiffs' argument that defendants abandoned such a claim by failing to raise it in this action is not properly raised in this appeal

and should be first addressed to the trial court in the subsequent litigation, at which time the distribution of other assets, such as royalties, if any, will also be considered by the trial court.

Plaintiffs do not dispute that there was no written agreement between the parties, but do challenge the finding of a partnership relation between the parties. Plaintiffs did not allege a partnership relation in their original complaint, but referred merely to a joint venture among the five entertainers. The judge who conducted the pretrial narrowed the issue to "who had title to the name, 'The Dramatics,'" making no reference to a partnership relation. However, prior to trial, defendants argued a motion for summary judgment based, among other things, upon the fact that an injunction is an improper remedy in an original and independent proceeding of a disputed title. After lengthy discussion, plaintiffs' counsel moved for and was granted permission to amend the complaint to allege an oral agreement of partnership in which the parties agreed that anyone leaving the group would have no right to use the name and such right remained only with the "surviving partners". This amendment consequently altered the basic issue as framed by the pretrial judge. The motion is replete with references to a partnership, and it is clear that this is the theory plaintiffs espoused and requested. It is well-settled that the appellate courts of this state will not review a case on a theory different from that on which it was tried. *Thompson v City of Ecorse,* 7 Mich App 492, 495; 152 NW2d 51 (1967), *Dwelley v Tom McDonnell, Inc,* 334 Mich 229; 54 NW2d 217 (1952). Additionally, a trial court retains discretionary power to modify the pretrial summary, GCR 1963, 301.3; *State Highway Com-*

*mission v Redmon,* 42 Mich App 642, 645; 202 NW2d 527 (1972), and plaintiffs, having brought about the modification by the amendment, are without standing to challenge it now.

Plaintiffs' principal challenge on this appeal is against the trial court's finding that there was no credible evidence to support the existence of an oral agreement between the parties which provided that the name remained with remaining partners when any partner withdrew, resigned or was expelled. This case involves an action sounding in equity. It is well-settled in Michigan that although chancery cases are reviewed *de novo,* this Court does not reverse or modify unless convinced that it would reach a different result had it occupied the position of the trial court. *Meyering v Russell,* 53 Mich App 695, 701; 220 NW2d 121 (1974); *Stribley v Michigan Marine Inc,* 42 Mich App 218, 221; 201 NW2d 702 (1972), *lv den,* 388 Mich 786 (1972).

It is also true that, whether the action is in law or equity, principal regard must be given to the special opportunity of the trial court to judge the credibility of witnesses, and findings of fact will not be set aside unless they are clearly erroneous. GCR 1973, 517.1; *Meyering, supra; Rencsok v Rencsok,* 46 Mich App 250, 253; 207 NW2d 910 (1973).

We will not review the lengthy testimony brought out at trial but only note that the trial court had the opportunity to hear and see all parties to the action. Without the aid of a written partnership agreement or other memoranda of oral agreements, the trial court was in the best position to judge the credibility of the witnesses, and the self-serving statements of plaintiffs lacked the specificity required to affirmatively prove the

elements of an express oral agreement. *McInerney v Detroit Trust Co,* 279 Mich 42, 46; 271 NW 545 (1937). A review of all of the testimony does not persuade us that a different conclusion is warranted.

Plaintiff finally attempts to distinguish the authority on which the trial court relied in ruling that the name belonged to the parties in common, none to the exclusion of the others. The facts of *Saunders v Stringer, supra,* are virtually identical to the facts here. We find no merit in plaintiffs' distinction that the court in *Saunders* referred to a "trade-name" and the trial court here has referred to a "professional name". As used by the trial court, the two are synonymous and denote "a name used in trade to designate a particular business of certain individuals considered somewhat as an entity". Black's Law Dictionary, Revised 4th ed, p 1666. Significantly, both in *Saunders* and the case at bar, the partnerships were formed to provide entertainment, the former a lecture series, and the latter musical recordings. The rule in *Saunders* expresses the general rule of the common law, *Williams v Farrand,* 88 Mich 473; 50 NW 446; 173 ALR 444, 466 (1891), and was properly applied in this case.

Plaintiffs caution this Court that the entertainment industry is fraught with special problems because of the often informal nature of business relationships and agreements. We are not unaware that young, unsophisticated entertainers may get together with nothing more than a loose verbal agreement and be catapulted to instant fame and fortune. The breakup of such a group creates numerous questions difficult to resolve when no written agreement exists to guide the parties or the court in defining rights and obligations and

distributing assets. But our common and statutory law are not unequipped to make an equitable disposition if such questions arise. Undoubtedly the process consumes unnecessary time and finances. This Court is advised of at least one other legal proceeding involving these parties, to wind up the affairs of the partnership, and it is not unlikely there will be more. The only realistic solution to the problem is not to change the law to fit the industry, but to bring the industry into conformity with sound legal practices by committing agreements to writing.

Affirmed. No costs inasmuch as neither party is complying with the judgment of the lower court.