KLEIN, Judge.
The issue involved in this appeal is whether a country club can amend its bylaws to change the terms under which members are entitled to resign or transfer their memberships, or whether these provisions are vested rights which cannot be altered. We conclude that the members did not have vested rights and reverse.
The Hamlet Country Club, Inc. is a private golf club open for membership to individuals who own a residence in the development. The members paid $16,500.00 to be admitted to membership, and the bylaws provided a method for resignation and redemption of the membership certificates, which purported to be conditional on the club having at least 365 members. Another provision of the bylaws, some members contended, allowed for resignation and redemption regardless of whether the club had 365 members. In 1986 the members amended the bylaws to make it clear that a member was not entitled to redemption if there were less than 365 members.
In 1988 certain members brought this suit seeking redemption of their memberships. The trial court directed a verdict in their favor, apparently concluding that there was no requirement that the club have 365 members, and entered a judgment in their favor against the club, which has appealed.
The club argues that the bylaws, prior to amendment, clearly and unambiguously required that there had to be over 365 members before a member was entitled to resign and obtain redemption. The club also argues that even if the bylaws did not require 365 members before they were amended, the amendment eliminated any doubt about that requirement. The appel-lee members do not question that the 1986 amendment cleared up any doubt, but maintain that it cannot be applied to them because it impairs their vested rights.
In Reynolds v. The Surf Club, 473 So.2d 1327 (Fla. 3d DCA 1985) the third district resolved a dispute between a social club and some of its members regarding ownership of club property. There the board of governors passed a resolution to lease a portion of the club’s property to a developer for the construction of condominiums. The revenues from the lease of the ground were to be used to pay club debts. Certain club members argued that the resolution impaired their property rights in the club. The third district rejected this argument, noting that the legal title to the property of an incorporated club or association is vested in the corporation and not in its members. It concluded that the rights of holders of certificates are not property rights, but depend on the contract of the certificate and must be judged in accordance with its terms. The court relied heavily on Kensington National Bank v. Cedarbrook Country Club, 161 Pa.Super. 407, 54 A.2d 838, 839-840 (1947), in which the court stated:
*1083 In considering the rights of the holders of the proprietary certificates we must keep in mind that the subscription was merely a contribution to the establishment of a non-profit corporation for the purpose of maintaining a golf club. The subscription was not an investment in a real estate project, to be sold when a favorable opportunity was present; nor was it a lien upon the real estate; nor a debt to be paid at a specific time. That which the holders received was a contract which, by its terms was specifically subject to the by-laws and to the changes in the by-laws that might be made from time to time. Thus the right granted could be revoked or changed, (citations omitted). These by-laws have been changed to meet the economic necessities of the times, and to perpetuate the golf club in accordance with the purpose expressed in the Charter.
In McCaffrey v. Pittsburgh Athletic Association, 448 Pa. 151, 293 A.2d 51 (Sup.Ct.1972) the holders of lifetime memberships in an athletic association brought an action against the association for equitable relief from a bylaw which limited the transferability of their membership certificates. The Pennsylvania Supreme Court held that where the life memberships were accepted subject to the bylaws of the association, the bylaws could be amended to limit the transferability of the certificates without depriving the life members of vested property rights.
In Orchard Ridge Country Club, Inc. v. Schrey, 470 N.E.2d 780 (Ind.Ct.App.1984), members of a private club who were over 65 brought an action contending that the board of directors’ elimination of their senior citizen reduced dues was in derogation of their vested rights. The court held that under the club’s articles and bylaws the rights of membership were qualified from the outset, thus the board of directors’ abolition of the bylaw violated no vested right of the affected members.
As in the above cases, the rights of these club members to redemption of their certificates were governed by and subject to the bylaws, which provided, “Upon acceptance of a resignation by the Board of Governors, the resignee shall be entitled to receive, in accordance with these bylaws, the redemption monies for the certificate held by him ...” Thus when the board of directors amended the bylaws in 1986 so as to delete all exceptions to the 365 member requirement, it did not infringe on vested property rights.
In First Florida Bank v. Financial Transaction Systems, Inc., 522 So.2d 891, 892 (Fla. 2d DCA 1988), a nonprofit corporation was formed for the purpose of processing credit card transactions for banks which became members. The articles of incorporation provided the method for voluntary termination of a membership. Several years later the bylaws were amended to require a bank which had voluntarily terminated its membership to pay a $9,000.00 penalty fee. The articles of incorporation, which did not require the penalty, had never been changed. The second district held that the corporation was prohibited “from amending its bylaws so as to impair a member’s contractual right.” We find that case distinguishable because the corporation was attempting to change contractual rights emanating from its charter by altering the bylaws. In the present case the alleged vested rights are all contained in the bylaws which were subject to amendment.
We reverse and remand for entry of a judgment in favor of the club.
GUNTHER and POLEN, JJ., concur.