[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11385
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00253-JES-SPC

FREDERICK L. FELDKAMP,
JUDITH L. FELDKAMP,

Plaintiffs - Appellees,

versus

LONG BAY PARTNERS, LLC,
a Florida limited liability company,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 20, 2012)

Before TJOFLAT and BARKETT, Circuit Judges, and SMOAK,[*] District Judge.

---

[*] Honorable Richard Smoak, United States District Judge for the Northern District of Florida, sitting by designation.

PER CURIAM:

Long Bay Partners, LLC ("Long Bay"), a developer of golf communities in Southwestern Florida, appeals an adverse Summary Judgment in favor of Frederick L. and Judith L. Feldkamp. The Feldkamps successfully sued Long Bay alleging that Long Bay's refusal to refund their $92,000 deposit for membership in the Shadow Wood Country Club, operated by Long Bay, constituted a breach of contract.

When the Feldkamps signed the purchase agreement on their home at Shadow Wood, new buyers who chose to purchase the Golf Membership within 90 days of the contract on their home were guaranteed to "receive a refund of 100% of their membership deposit within 30 days of written notice of resignation to the Club." Although Long Bay owned the Club's facilities and operated the Shadow Wood Country Club, a separate entity, Taylor Woodrow, was the actual builder of the properties. As part of the inducement for signing the purchase agreement for their home, the Feldkamps received a Certificate on Club letterhead from Taylor Woodrow for a $30,000 credit towards the $92,000 resident Golf Membership. When they applied for membership at the Club within the ninety day window, the Feldkamps were asked to sign an Addendum to Application for Credit Toward Membership, which included the following provision:

> I understand that because the $30,000 credit toward membership deposit was paid for me by others, the $30,000 credit amount is not refundable to me upon resignation, prior to conversion. The additional amount I pay for the Membership (the difference between the $30,000 credit and the Membership Deposit) will be refundable as provided in my Application for Membership and the Membership Plan. I further understand that I am not ever entitled to a refund of the non-refundable Initiation Fee.

The Feldkamps refused to sign the form as it was; rather, they made some modifications and crossed out the above provision in its entirety before signing it. Long Bay told the Feldkamps that it would deny their membership at Shadow Wood if they did not sign the Addendum for Credit as it was originally presented. The Feldkamps continued to refuse. Shadow Wood ultimately accepted the Feldkamps as members and accepted their dues from July, 2005 through March 31, 2009. On November 7, 2008, Long Bay "suspended" its membership deposit refund policy, in response to financial difficulties. Shortly after this notice, the Feldkamps resigned from Shadow Wood, requesting a refund of the full $92,000 membership deposit. Long Bay refused and the Feldkamps filed this suit.

Under Florida law, the relationship between a social club and its members is one of contract, which must be judged in accordance with its terms. *Hamlet Country Club, Inc. v. Allen*, 622 So. 2d 1081, 1082 (Fla. 4th DCA 1993). As noted above, the contract between the parties clearly provided that new buyers

3

who chose to purchase the Golf Membership within 90 days of the contract on their home were guaranteed to "receive a refund of 100% of their membership deposit within 30 days of written notice of resignation to the Club." Although, pursuant to the Membership Agreement, the Feldkamps "agree[d] to be bound by the terms and conditions . . . as the same may be amended from time to time by the Club or LBP," we agree with the district court that this provision referred only to the rules and regulations of the Club's operation, but did not relate to the substantive contractual right to obtain a refund of the membership deposit. The Feldkamps relied on the refund provision when they entered into the purchase agreement for their property and decided to join the Club, and this provision must therefore be enforced.

Furthermore, it is of no moment that a portion of the deposit came from a third party. The total membership deposit was $92,000. The amount deposited by the Feldkamps was $92,000 comprised of their funds and the certificate valued by the parties at $30,000. As the Feldkamps explained in a letter attached to their Motion for Summary Judgment, they relied on reimbursement of the entire amount, including the $30,000 paid by the builder: "Although joining at the time meant that we would have to pay dues for the entire period of home construction . . . the credit was sufficient to cover the extra dues and give us a cash cushion

4

(available by resigning the club) if things did not work out as planned." It is clear from the record that the Feldkamps relied on the guarantee of a refund of the entire $92,000 when they purchased their home at Shadow Wood. We therefore find no error in the summary judgment awarding the Feldkamps the full damage award of $92,000.

**AFFIRMED**